Jonathan Madison, SBN #311553
THE MADISON FIRM
345 California Street, Suite 600
San Francisco, California 94104
Telephone: (415) 779-3177
jmadison@themadisonfirm.com

Attorneys for Plaintiff,
Rudi Williams

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **RUDI WILLIAMS, an Individual,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee FOR HARRBORVIEW MORTGAGE LOAN TRUST 2006-CBI MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-CBI; and DOES 1-20,**<br><br>**Defendants.** | Case No.:<br><br>**UNLIMITED JURISDICTION**<br><br>**COMPLAINT FOR:**<br><br>**1. WRONGFUL FORECLOSURE inclusive,**<br>**2. UNFAIR BUSINESS PRACTICES (Bus. & Prof. Code §17200)**<br>**3. BREACH OF CONTRACT Defendants.**<br>**4. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**5. PROMISSORY ESTOPPEL**<br>**6. NEGLIGENT MISREPRESENTATION**<br>**7. ACCOUNTING**<br>**8. DECLARATORY RELIEF**<br>**9. INJUNCTIVE RELIEF**<br>**10. NEGLIGENCE**<br>**11. CANCELLATION OF INSTRUMENTS**<br>**12. VIOLATION OF CIVIL CODE § 2924(a)(3)**<br>**13. ABUSE OF LEGAL PROCESS IN INSTITUTING WRONGFUL FORECLOSURE PROCEEDINGS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rudi Williams ("Plaintiff") alleges against Defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Harborview Mortgage Loan Trust 2006-CBI Mortgage Passthrough Certificates, Series 2006-CBI ("BONYM" or "Defendant"), and DOES 1 through 20, inclusive, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Plaintiff Rudi Williams is, and at all relevant times was, an individual residing in and a citizen of the State of California. Plaintiff is the owner of the real property located at 90 Broadmoor Boulevard, San Leandro, California 94577 (the "Property") and has continuously owned the Property since 2008.

3. Plaintiff is a citizen of the State of California. As alleged in Defendant's Notice of Removal, Defendant is a citizen of the States of New York and Delaware. The citizenship of DOES 1 through 20, sued under fictitious names, is disregarded for purposes of diversity. 28 U.S.C. § 1441(b)(1).

4. Defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Harborview Mortgage Loan Trust 2006-CBI Mortgage Passthrough Certificates, Series 2006-CBI, is, and at all relevant times was, the purported beneficiary of the deed of trust encumbering the Property and, as alleged in its Notice of Removal, a citizen of the States of New York and Delaware.

5.This Court has personal jurisdiction over Defendant because Defendant transacts business in California and the claims arise from Defendant's conduct concerning real property located in California.

6. The true names and capacities of Defendants DOES 1 through 20, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named Defendant is responsible in some manner for the events and injuries alleged herein.

7.Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, and because the real property that is the subject of this action is situated in this District.

8. Intradistrict assignment to the Oakland Division (or San Francisco Division) is proper under Civil Local Rule 3-2(c) and (d) because a substantial part of the events and the subject real property are located in Alameda County. The property is located at 90 Broadmoor Boulevard, San Leandro, California 94577.

## GENERAL ALLEGATIONS

9. Plaintiff has owned the Property since 2008. The Property is encumbered by a first-position deed of trust (the "Deed of Trust") securing a loan originated on or about September 12, 2005, in the original principal amount of $628,000 (the "Loan"). Defendant is the current purported beneficiary of the Deed of Trust in its capacity as Trustee for the securitized trust identified in the caption.

10. In 2019, Plaintiff fell into arrears on the senior mortgage, initially as a result of tenant disputes and thereafter compounded by the COVID-19 pandemic and eviction moratoria enacted by the City of San Leandro.

11. On or about October 13, 2023, Plaintiff filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, in part to stop foreclosure proceedings that Defendant had initiated against the Property.

12. On or about April 22, 2024, the Bankruptcy Court entered an order confirming Plaintiff's Chapter 11 Plan of Reorganization (the "Plan"). The Plan restructured Plaintiff's obligations, cured the pre-petition arrears on the senior mortgage, and stripped off a wholly unsecured junior lien.

13. Upon confirmation, the Plan bound both Plaintiff and Defendant and established the operative terms governing Plaintiff's obligations to Defendant on the Loan. See 11 U.S.C. § 1141(a).

14. The Plan and related filings designated a specific post office box address (the "Designated PO Box") to which Plaintiff was to remit his mortgage and cure payments. The Designated PO Box was provided by Defendant and appeared in Defendant's own court filings.

15. In compliance with the Plan, Plaintiff made mortgage and arrears payments totaling approximately $8,000, which he mailed to the Designated PO Box. Those payments were confirmed received in or about May 2024.

16. Despite receiving Plaintiff's payments, Defendant failed to post or credit them to Plaintiff's mortgage account.

17. In or about July 2024, Defendant falsely asserted that Plaintiff had made no payments and was approximately $48,000 in arrears, disregarding that Plaintiff had complied with the Plan's payment terms, including by mailing payments to the address Defendant had directed him to use.

18. Between April and December 2024, Defendant issued at least two foreclosure notices premised on the false assertion that Plaintiff was in default.

19. In response, and in a good-faith effort to protect his home, Plaintiff tendered still further payments: he wired approximately $3,125 and approximately $2,672 directly to Defendant and sent four additional checks totaling approximately $38,000. Plaintiff expressed concern about continuing to use the Designated PO Box, which he no longer trusted.

20. When Plaintiff spoke by telephone with a representative of Defendant who identified herself as "Amanda," in or about late 2024, Amanda told Plaintiff that Defendant would not accept any further payments because Defendant considered Plaintiff to have been in default since May 2024. Amanda further stated that the Designated PO Box to which Plaintiff had been directed to send payments was not reflected in Defendant's system even though Defendant itself had designated and used that same PO Box in its court filings.

21. Defendant's representations were false. Plaintiff had timely tendered the payments the Plan required, to the address Defendant designated, and Defendant had received them.

22. As a direct and proximate result of Defendant's failure to credit Plaintiff's payments and its false declarations of default, Plaintiff has suffered and continues to suffer harm, including the threat of losing his home, damage to his credit, out-of-pocket costs, attorneys' fees incurred

to prevent wrongful foreclosure, loss of use and enjoyment of the Property, and severe emotional distress.

23. At all relevant times, Plaintiff performed all conditions, covenants, and obligations required of him under the Note, the Deed of Trust, and the confirmed Plan, except those excused, prevented, or made impossible by Defendant's own conduct.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

24. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25. The Note, the Deed of Trust, and the confirmed Chapter 11 Plan constitute valid and enforceable contracts governing the parties' respective rights and obligations with respect to the Loan.

26. Plaintiff performed all his obligations under those contracts, or was excused from performance, including by tendering all payments the Plan required to the address Defendant designated.

27. Defendant breached those contracts by, among other things, failing to post and credit Plaintiff's payments, falsely declaring Plaintiff in default, refusing to accept payments Plaintiff was entitled to make, and initiating foreclosure notwithstanding Plaintiff's performance.

28. As a direct and proximate result of Defendant's breaches, Plaintiff has been damaged in an amount to be proven at trial, including through inflated purported arrears, fees and costs, and consequential damages.

**SECOND CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

29. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

30. Every contract in California contains an implied covenant of good faith and fair dealing, which prohibits either party from doing anything that would deprive the other of the benefits of the agreement.

31. Defendant unfairly interfered with Plaintiff's right to receive the benefits of the Note, the Deed of Trust, and the confirmed Plan by refusing to honor Plaintiff's tenders, misapplying or disregarding his payments, falsely declaring him in default, and pursuing foreclosure in bad faith. As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**(Violation of California Civil Code § 2924(a)(3))**

32. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

33. California Civil Code § 2924(a)(3) requires that a notice of default or notice of sale accurately set forth the nature of the breach or default and the amount of the principal sum due, together with any other amounts necessary to cure.

34. Defendant violated Civil Code § 2924(a)(3) by issuing notices of default and/or foreclosure notices between April and December 2024 that misstated the nature and amount of Plaintiff's purported default, asserting approximately $48,000 in arrears, when in fact Plaintiff had made the payments required under the confirmed Plan and Defendant had received but failed to credit them.

35. Defendant's issuance of inaccurate and misleading notices deprived Plaintiff of a fair opportunity to cure any claimed deficiency and wrongfully advanced foreclosure against the Property.

36. As a direct and proximate result of Defendant's violations, Plaintiff has suffered and continues to suffer harm, including cloud on title, emotional distress, and attorneys' fees and costs incurred to prevent wrongful foreclosure, in an amount to be proven at trial. Plaintiff further seeks injunctive relief restraining any foreclosure premised on the inaccurate notices.

**FOURTH CAUSE OF ACTION**

**(Negligence)**

37. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

38. A loan servicer or beneficiary that undertakes activities beyond the scope of conventional money lending—including accepting, processing, and accounting for payments

made under a confirmed reorganization plan—owes the borrower a duty to exercise reasonable care in doing so.

39. At all relevant times, Defendant owed Plaintiff a duty to accurately receive, post, and credit the payments Plaintiff made under the Plan; to maintain accurate records of his account; to communicate truthfully regarding the status of his account; and to refrain from initiating adverse action, including foreclosure, based on false or inaccurate information.

40. Defendant breached these duties by, among other things, failing to post and credit approximately $8,000 in payments received in May 2024; falsely asserting that Plaintiff was approximately $48,000 in arrears despite his compliance with the Plan; and issuing foreclosure notices based on inaccurate account information.

41. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and continues to suffer damage, including damage to his credit, out-of-pocket costs, legal expenses, loss of use and enjoyment of the Property, and emotional distress, in an amount to be proven at trial. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION

## (Negligent Misrepresentation)

42. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

43. Defendant, through its representatives, including a representative who identified herself as "Amanda" during a telephone call in or about late 2024, made affirmative representations of past and existing material fact to Plaintiff, including: (a) that payments Plaintiff sent to the Designated PO Box would be received and credited to his mortgage account; and (b) that the Designated PO Box was not reflected in Defendant's system and that Plaintiff had been in default since May 2024.

44. These representations were untrue. Defendant had designated and used the Designated PO Box in its own court filings; Defendant had in fact received Plaintiff's payments; and Defendant had no reasonable basis to declare Plaintiff in default given his compliance with the confirmed Plan.

45. Defendant made these representations without reasonable grounds for believing them to be true.

46. Defendant intended that Plaintiff relieve these representations. Plaintiff justifiably and reasonably relied by continuing to remit payments to the Designated PO Box and by forgoing other available means of protecting his interest in the Property, to his detriment.

47. As a direct and proximate result of Plaintiff's reliance on Defendant's misrepresentations, Plaintiff has suffered damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (Promissory Estoppel)

48. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

49. Defendant made a clear and unambiguous promise that payments Plaintiff sent to the Designated PO Box would be received and properly credited to his mortgage account.

50. Plaintiff reasonably and foreseeably relied on that promise by remitting substantial payments to the Designated PO Box, and Defendant should reasonably have expected such reliance.

51. Injustice can be avoided only by enforcement of Defendant's promise. As a result of his reliance, Plaintiff suffered substantial detriment and damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (Cancellation of Instruments — California Civil Code § 3412)

52. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

53. Defendant has issued and/or recorded instruments, including one or more notices of default and/or notices of sale, that declare or purport to declare Plaintiff in default under his mortgage (the "Instruments").

54. The Instruments are void or voidable because they rest on the false premise that Plaintiff was in default when, in fact, Plaintiff had tendered the payments required by the confirmed Plan and Defendant had received and failed to credit them. Defendant's failure to

credit payments and its misrepresentations regarding Plaintiff's account status directly led to the issuance of the defective Instruments.

55. If the Instruments are not canceled, Plaintiff will suffer serious injury: the Instruments cloud title to the Property, threaten Plaintiff's ownership rights, and wrongfully expose Plaintiff to foreclosure and the loss of his home.

56. Pursuant to California Civil Code § 3412, Plaintiff seeks an order adjudging the Instruments void and directing their cancellation, together with an order declaring that Plaintiff is not in default under the mortgage as modified by the confirmed Plan.

**EIGHTH CAUSE OF ACTION**

**(Unfair Business Practices — Cal. Bus. & Prof. Code § 17200 et seq.)**

57. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

58. Defendant engaged in unlawful, unfair, and fraudulent business acts and practices within the meaning of Business and Professions Code § 17200, including: (a) violating Civil Code § 2924(a)(3) and other laws (the unlawful prong); (b) misapplying and refusing to credit Plaintiff's payments and declaring false defaults in a manner that offends established public policy and is immoral, unethical, oppressive, and substantially injurious to consumers (the unfair prong); and (c) making representations regarding Plaintiff's account status and payment address that were likely to deceive (the fraudulent prong).

59. As a direct result of Defendant's unfair business practices, Plaintiff has suffered injury in fact and lost money or property, including payments that were not credited to his account and fees and costs he was compelled to incur.

60. Plaintiff seeks restitution, disgorgement, and injunctive relief as authorized by Business and Professions Code §§ 17203 and 17204.

**NINTH CAUSE OF ACTION**

**(Accounting)**

61. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

62. By virtue of the parties' contractual relationship and the confirmed Plan, and because Defendant failed to properly receive, post, and credit Plaintiff's payments, the amount due on the Loan, if any, is unknown to Plaintiff and cannot be ascertained without accounting.

63. Plaintiff requests full and accurate accounting, under judicial supervision, of all payments made, received, credited, and applied for, and of all charges, fees, and costs assessed, on his mortgage account.

**TENTH CAUSE OF ACTION**

**(Declaratory Relief — 28 U.S.C. §§ 2201–2202)**

64. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

65. An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning their respective rights and obligations under the Note, the Deed of Trust, and the confirmed Plan—specifically, whether Plaintiff is in default and whether Defendant is entitled to foreclose on the Property.

66. Plaintiff contends that he is not in default and that Defendant has no present right to foreclose. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends otherwise.

67. Plaintiff seeks a judicial declaration of the parties' rights and obligations, including a declaration that Plaintiff is not in default under the mortgage as modified by the confirmed Plan, and that any foreclosure premised on the alleged May 2024 default is wrongful and unauthorized.

//

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general and special damages according to proof;
2. For restitution and disgorgement;
3. For an accounting of all sums received, credited, and owing on the Loan;
4. For cancellation of the Instruments described herein pursuant to Civil Code § 3412;
5. For a declaration of the parties' rights and obligations as prayed;
6. For preliminary and permanent injunctive relief enjoining Defendant, and its agents, servicers, successors, and assigns, from foreclosing on the Property based on the alleged default;
7. For punitive and exemplary damages against Defendant, as permitted by law and to the extent supported by proof;
8. For attorneys' fees as permitted by contract and/or statute;
9. For costs of suit incurred herein; and
10. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 7/17/2026

THE MADISON FIRM

/ s /

JONATHAN MADISON, ESQ.
Attorney for Plaintiff,
Rudi Williams